IRVING NATIONAL BANK, Appellant, *v.* WILSON BROTHERS WOODEN-WARE AND TOY COMPANY, Respondent.

SAME *v.* SAME.

*Failure to record an assignment for creditors, executed Saturday afternoon, until after a creditors' meeting held the following Monday at two P. M. — it does not establish fraud — cash sales made by the assignee before filing his bond — neglect of the assignee to perform his statutory duties.*

The fact that a general assignment for the benefit of creditors, executed Saturday afternoon, when the county clerk's office is closed, is not recorded until after a meeting of the creditors is held at two o'clock on the following Monday, does not establish fraud in the assignment, nor, where it appears that the creditors at the meeting requested the assignee not to record it, and that he only did so because an attachment was obtained by one of them on the ground that the assignment was fraudulent, is the neglect of the assignee to record the assignment even a subject of criticism.

The fact that the assignee has sold small articles of property for cash before he has filed his bond, the sales having been made with the consent of the creditors attending a meeting at which the party subsequently objecting thereto was present, does not afford a just ground of complaint.

*Semble*, that the neglect of an assignee to record an assignment, or to do any other act required by the statute, simply furnishes a ground for his removal, and does not impair the title to the property assigned or affect the validity of the instrument in any way.

APPEAL by the plaintiff in each of the above-entitled actions, from orders of the Supreme Court, made at the New York Special

Term and entered in the office of the clerk of the county of New York on the 12th day of July, 1898, granting the motion of the defendant in each of the above-entitled actions to vacate attachments obtained by the plaintiff against it.

*Charles E. Rushmore,* for the appellant.

*Albridge C. Smith,* for the respondent.

McLAUGHLIN, J.:

On Saturday afternoon, the 25th day of June, 1898, the defendant, a domestic corporation, made a general assignment for the benefit of creditors. The assignee accepted the trust and took possession of the property assigned by immediately going to the defendant's place of business and taking from its officers the keys of the store occupied by it, and removing from a safe there kept to his own private office the corporate seal, bank books, lease, insurance policies, etc. On the same day, and shortly after the execution and delivery of the assignment, notices were sent by the officers of the defendant to its creditors of a meeting to be held by them at the office of the assignee at two o'clock on the following Monday. The fact that an assignment had been made was not disclosed in the notices. The meeting was attended by a representative of the plaintiff and by other creditors, representing in the aggregate over ninety per cent of the entire indebtedness of the defendant. The assignment at this time had not been recorded, which fact was made known to the creditors attending the meeting by the assignee himself. When this announcement was made a discussion occurred between the creditors as to whether it was for their interest to have the assignment recorded pending an investigation of the affairs of the defendant by a committee to be appointed by them. After thoroughly considering the question a motion was made and unanimously carried, requesting the assignee not to record the assignment pending such investigation, and he did not do so until a few days later. The plaintiff, however, notwithstanding it had through its representative joined with the other creditors in requesting the assignee not to record the assignment, and before he had done so, obtained in the first action an order of attachment on the ground that the defendant had assigned and disposed of its property with intent to defraud its creditors.

The assignee, immediately upon obtaining knowledge of such attachment, recorded the assignment, and the plaintiff then obtained in the second action an order of attachment upon the same grounds as the one obtained in the first. Both attachments were thereafter vacated, and it is from these orders that the plaintiff has appealed. It insists that the Special Term erred in vacating the attachments for the reason that the uncontradicted facts show that the assignment was not executed in good faith; that it was simply an arrangement between the assignor and assignee for the purpose of hindering and delaying creditors, and thus enabling the assignor to settle and compromise with them. The principal ground urged by the plaintiff as tending to show bad faith between the assignor and assignee is the fact that the assignee did not record the assignment prior to the meeting of the creditors above referred to. The delay at most was but a few hours. The assignment was not delivered until Saturday afternoon and, therefore, could not be recorded on that day. The delay was between the opening of the clerk's office upon Monday morning and the time when the meeting was held in the afternoon. This of itself was insufficient to establish a fraudulent purpose. To vitiate an assignment on the ground of fraud, the fraud must be proved; it cannot be presumed. (*Shultz* v. *Hoagland*, 85 N. Y. 464.) In the usual course of business, delays of this character are not unusual, and we do not think that the assignee's neglect is even a subject of criticism, especially in view of the fact that whatever he did was done openly; that at the first opportunity he made known to the creditors just what he had done, and put them in possession of all the information which he had, both as to the assignment itself and the property covered by it.

Neither do we think the fact that the assignee sold small articles of property for cash before he had filed his bond is subject to the criticism made by the plaintiff. These articles were sold with the consent of the creditors attending the meeting, and the plaintiff, being represented at the meeting and taking part in the same, cannot now be heard to complain of the act of the assignee in that respect.

A careful consideration of the record fails to disclose a single fact from which it can fairly be said, or even inferred, that a fraudulent purpose was contemplated by either the assignor or assignee in the

execution and delivery of the assignment, and whatever may have been done by either of the parties after its execution and delivery could not affect the validity of it, because the title to the property assigned passed upon the delivery, and was then lodged in the assignee for the benefit of the creditors. If the assignee thereafter failed to record the instrument, or to do any other act required of him by the statute, that simply furnished a ground for his removal, and did not and could not impair the title to the property assigned or affect the validity of the instrument in any way. ( *Warner* v. *Jaffray*, 96 N. Y. 248.) To hold otherwise would simply permit an assignee to defeat the operation of the trust created by neglecting to perform a duty cast upon him. We are satisfied that the assignment was made in good faith for the purpose of securing a distribution of the assets of the assignor among its creditors, and, therefore, each order appealed from should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements in each case.